BEAL & BENNETT v. WAINWRIGHT, SHIELDS & COMPANY.

1. Where a promissory note, payable either in a bank of this or some other State, is indorsed before maturity, under the act of 1828, a set-off is not admissible to an action brought thereon by a *bona fide* indorsee.

WRIT of Error to the Circuit Court of Tuskaloosa.

This was an action of assumpsit, at the suit of the defendants

in error against the plaintiffs, on a pomissory note, of the following tenor.

"$1,824 37.    New-York, August 25, 1836.

Twelve months after date, we, the subscribers, of Erie, State of Ala., promise to pay to the order of Granger, Birch, & Co., eighteen hundred and twenty-four dollars and thirty-seven cents, at the Merchants' Bank, New-York, for value received.

BEAL & BENNETT."

On which note, are the following indorsements, viz. "New-York, February 24, 1837, Granger, Birch & Co." New-York, February 24, 1837. B. F. Lee, & Co. The cause was tried on the pleas of *non assumpsit*, payment and set-off. On the trial the defendants excepted to the ruling of the court. From the bill of exceptions it appears, that after the plaintiffs introduced the note declared on, with the indorsements set out above, the defendants gave in evidence two promissory notes made by Granger, Birch & Co. for $1,762 63, each, dated New-York, 25th July, 1836, payable at nine months after date, to the order of Mc-Nulty & Chapman, and by them indorsed to the defendants; and further proved, that these notes were transferred to the defendants before the maturity of the note sued on, and before they had notice of the assignment thereof. It was further shown by the defendants, that the signatures and indorsements of the notes which they offered as sets-off, were genuine, and the notes transferred to them unconditionally. This was all the evidence adduced; thereupon, the defendants moved the court to charge the jury, that the plaintiffs could not recover without proof, that notice of the transfer of the note sued on, had been given before they became proprietors of the notes offered as sets-off. This charge was refused, but the court charged the jury, that the note sued on being payable at a bank. was a commercial paper, subject to the law merchant, and if transferred before maturity, was not subject to set-off. A verdict was returned for the plaintiffs, and thereupon, judgment was rendered.

WM. COCHRAN, for the plaintiffs in error, insisted, 1. That the written date to the indorsements, was no evidence that they were made on that day. 2. The note sued on, is not of that class, which by the laws of this State, are made subject to the law merchant. 3. The law of set-off, is the law of the forum, and al-

though in New-York, the note may be governed by the principles of mercantile law, yet being sued here, any defence peculiar to the forum, must be governed by our laws. [Story's Conf. of Laws, 481; 2 N. Hamp. Rep. 296, Gibbs v. Howard; 3 Johns. Rep. 263, Ruggles v. Keeler; 1 Poth. on Ob. 641–2; 2 Id. 101, N. 12.]

J. J. PORTER, for the defendant.—The reason given by the circuit Judge, viz: that the note being payable at a bank, was not subject to a set-off, may be incorrect, but a judgment will not be reversed for an erroneous reason, where the conclusion was correct. [2 S. & P. Rep. 428; 5 id. 195; 7 Porter's Rep. 40; 9 id. 403; 1 Ala. Rep. N. S. 423.] The note was payable in New-York, and as we cannot judicially know what the laws of that State are, we must suppose that the English common law prevails there; according to which, the note is clearly negotiable.— [Minor's Rep. 387; 1 Porter's Rep. 388; 1 Ala. Rep. 80; 2 id. 392; Gray v. White, June Term. 1843; Dunn v. Adams, Parmeter & Co. 1 Ala. Rep. 527; 3 Kent's Com. 72, and note a 77; Chitty on Bills, 218, 583.] A negotiable note, transferred before maturity, to an innocent holder, is not subject to sets-off, existing between the original parties. [Chitty on Bills, 6; 4 Dal. Rep. 307; 16 Wend. Rep. 659.] The lex loci contractus, must determine the character of the security—what rights it confers, and obligations imposes. [Story on Bills, § 129, 139, 161; Story's Conf. of Laws, § 263, 556. 353 a 565, 566; Story on Bills, § 158, 173; 1′ Bing. New Cases, 151, 159 to 161; Story's Conf. of L. § 317, 332, 343, 344; 16 Martin's Rep. 277.] The case cited by the plaintiff in error from 2 New-Hamp. Rep. does not lay down the law correctly. [Story's Conf. of L. 481.[

Where a bill or note, is indorsed in blank, it is a legal presumption, that the transfer was made before its maturity. [3 Day's Rep. 311; 5 Mass. Rep. 335; 8 Wend Rep. 600.]

COLLIER, C. J.—If the note declared on be negotiable, according to the laws of the State in which it was made, even conceding as argued for the plaintiffs in error, that the lex fori must determine whether a set-off is admissible against an indorsee, does it follow that the set-off was improperly rejected by the circuit court? The negotiability of the note in New-York, has not been questioned, but seems to have been conceded at the argu-

ment upon the principles of commercial law, which, in the absence of opposing legislation, must prevail there.   Our statute of 1828, enacts, that the remedy on promissory notes, payable in bank, shall be governed by the rules of the law merchant, &c.— [Clay's Dig. 383, § 11.]   This being the case, would not both the *lex loci contractus*, and the *lex fori*, concur in the rejection of a set-off against the note in question, in the hands of a *bona fide* indorsee, who became such previous to its maturity?   The instruction which the defendants prayed the court to give the jury, was, not as to the time when the note was transferred, but it assumed, that it was subject to the general law of set-off, and to defeat the defence, it was necessary for the plaintiff to have informed the defendants, that they had became the indorsees of their paper; and this, before the defendants acquired the notes which they adduced.   The court instructed the jury, that the note declared on, was subject to the law merchant, and if transferred before its maturity, the defendants could not avail themselves of their sets-off.

We need not inquire, whether the law of set-off, pertains to the remedy, and is to be administered according to the regulations existing upon the subject in the country where the suit is brought, or whether the act of 1828, applies only to notes payable in our own banks.   Upon the assumption, that our law is to regulate the right of set-off, that statute, as it is the only one applicable, must determine the negotiable character of the note; and then commercial law declares, that in such case, there can be no set-off, unless the paper was indorsed subsequent to its maturity.   In the refusal to charge, a different principle is not recognized, while in the instruction given, the law is laid down as we have stated it.

This view is decisive of the case, whether it be considered with reference to the laws of New-York, or of this State, and shows, that according to either, the bill of exceptions does not discover an available error.   We are, therefore, relieved from a more particular examination of the points made by the arguments of counsel, and have only to add, that the judgment of the circuit court is affirmed.